UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY RYAN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 3:05-cv-54-RLY-WGH |
| ) | |
| CHRISTOPHER MELOY, ) | |
| ) | |
| Respondent. ) | |

### Entry Denying Petition for Writ of
### Habeas Corpus and Directing Entry of Judgment

This cause is before the court on the petition of Jeffrey Ryan for a writ of habeas corpus, on the respondent's return to order to show cause, and on the expanded record.

Whereupon the court, having read and examined such petition, return, and record, and being duly advised, finds that Ryan's petition should be denied and the action dismissed.

### I. Background

Ryan is confined at the Plainfield Correctional Facility, a prison operated by the State of Indiana. In a conduct report issued in ICY 04-11-0020, Ryan was charged with a Class B offense, use or possession of more than one cigarette. This conduct report recited that on October 31, 2004, Officer Swann, while conducting a routine security inspection, observed Offender McRae "toss[ ] a pillow to Offender Ryan." Immediately, Officer Swann went to Ryan's unit to secure Ryan's property. Later, all property of Offender McRae and Offender Ryan was taken for inspection. The inspection revealed that the pillow contained a plastic bag with "loose tobacco."

Ryan was supplied with a copy of the conduct report and notified of his procedural rights in connection with the matter. This occurred on November 1, 2004. Ryan did not request witnesses or a lay advocate for his hearing. However, the Notice of Disciplinary Hearing indicates that Ryan "may bring statements."

The disciplinary hearing was conducted on November 4, 2004. After considering the evidence, including Ryan's statement concerning the charge, the conduct board found Ryan guilty of possessing more than one cigarette. Ryan was sanctioned with the deprivation of sixty (60) days of earned good time, a reduction in credit class and the loss of his prison job. His administrative appeal was rejected, and this action followed. Ryan's first and third claims were summarily dismissed. The action has proceeded only as to his second claim. His second claim is that his due process rights were violated because, during the conduct hearing, the hearing officer refused to read or file four (4) of the seven (7) statements which Ryan had offered.

## II. Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir.1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Ryan was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Ryan received all the process to which he was entitled. The record shows that the charge was clear, that Ryan received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

Ryan does not challenge the sufficiency of the evidence. The evidence was constitutionally sufficient, for the reasons already stated. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The expanded record shows that Ryan did not request specific witnesses at the time he was notified of the charge. This would have been the proper time for Ryan to inform prison staff of any requested witnesses. The failure to identify or request witnesses at the proper time in the process constituted a waiver of the limited right to request witness statements. *Sweeney v. Parke,* 113 F.3d 716, 719-20 (7th Cir. 1997) (an inmate cannot wait until the day of the hearing to request witnesses), *overruled on other grounds by White v. Ind. Parole Bd.,* 266 F.3d 759, 765-66 (7th Cir. 2001). Ryan has not

attempted to overcome the consequences of this waiver through a showing of "cause and prejudice." *See Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). Apart from Ryan's waiver, moreover, the respondent has shown that the absence of the information described by Ryan in his habeas petition did not cause Ryan any prejudice in the proceeding. *See Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002).

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the order, charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which would entitle Ryan to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and his action dismissed with prejudice. His request for a ruling is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/09/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana